People v Moreno (2020 NY Slip Op 51289(U))

[*1]

People v Moreno (Timoteo)

2020 NY Slip Op 51289(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-1085 K CR

The People of the State of New York,
Respondent, 
against
Timoteo Moreno, Appellant. 

Appellate Advocates (David L. Goodwin of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Caroline R. Donhauser of counsel), for
respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the Criminal
Court of the City of New York, Kings County (Adam D. Perlmutter, J.), imposed April 9, 2018,
as, upon his conviction, following his plea of guilty, of aggravated unlicensed operation of a
motor vehicle in the second degree and driving while ability impaired, imposed an $800
fine.

ORDERED that the sentence, insofar as appealed from, is affirmed.
Defendant was charged by misdemeanor information with driving while intoxicated
(common law) (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired
(Vehicle and Traffic Law § 1192 [1]) and unlicensed driving (Vehicle and Traffic Law
§ 509 [1]). According to the accusatory instrument, the deponent police officer arrived at
the scene of an automobile accident, where he saw defendant standing next to his vehicle "which
was flipped over on the roadway." Defendant told the officer that he "sideswiped the Honda and
the Honda then rear-ended the Chevrolet and defendant's Toyota Camry flipped over." Defendant
did not produce a driver's license when requested, and he exhibited signs of intoxication, to wit,
slurred speech, watery eyes, odor of alcoholic beverage on breath, and unsteadiness on his
feet.
On July 31, 2017, defendant entered a conditional plea of guilty to aggravated unlicensed
operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a]
[i]), an unclassified misdemeanor, and driving while ability impaired, a traffic infraction.
Defendant was required to comply, for one year, with various conditions, including alcohol abuse
treatment, completion of 10 days of community service, no new arrests, refrain from driving
unless and until permitted by the Department of Motor Vehicles and installation of an ignition
interlock device (IID) in any vehicle he owned or operated. Upon successful completion, the
court would vacate defendant's plea to aggravated unlicensed operation of a motor vehicle in the
second degree and sentence him, on the driving while ability impaired plea, to a 90-day license
suspension and a $300 fine. However, if defendant were not successful, his original plea to both
the misdemeanor and traffic infraction would stand, and he would be sentenced to up to 6
months' incarceration, three years' probation, three years' compliance with IID, a $500 fine and,
potentially, substance abuse treatment.
Defendant was not successful. On January 7, 2018, a police officer pulled him over while he
was driving still without a valid license and without an IID installed in the vehicle. Then, on
March 24, 2018, defendant was arraigned on additional unlicensed driving charges, namely,
aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic
Law § 511 [2] [a] [iv]), aggravated unlicensed operation of a motor vehicle in the third
degree (Vehicle and Traffic Law § 511 [1] [a]) and unlicensed driving. Again, no IID was
installed in the vehicle.
In court on March 26, 2018, the People, based upon these two pairs of unlicensed driving
violations and IID failures, recommended that defendant be denied the benefit of the conditional
plea deal and that he be sentenced on his original plea to, among other things, an $800 fine,
which was $300 more than the $500 fine the Criminal Court had told defendant would be
imposed. Defendant did not object to this increased fine recommendation. The matter was
adjourned to April 6, 2018 for sentencing. During this approximately two-week adjournment
period, defendant filed a presentencing memorandum; in it, he did not object that the $800 fine
violated the terms of the conditional plea agreement. 
In court on April 6, 2018, the People restated their recommendation that the fine portion of
the sentence be enhanced to $800. Again, defendant did not object. Quite the opposite, defense
counsel told the court that the People's revised "offer as to the resentencing is acceptable." The
sentence handed down by the court included the $800 fine. Defendant now appeals this portion
of the sentence, asserting for the first time that his multiple violations of the conditional plea
necessitated that he be fined no more than the $500 the Criminal Court had initially promised to
impose if he did not successfully complete the requirements of the conditional plea.
"[D]efendant's challenge to the imposition of enhanced sentences is unpreserved for
appellate review because he did not object to the imposition of the enhanced sentence[] or move
to withdraw his plea[ ] on this ground" (People v Andre, 168 AD3d 757, 757 [2019]; see People [*2]v Williams, 27 NY3d 212, 224 [2016] ["Since the defense
did not . . . demand that the court honor the alleged promise, defendant failed to preserve any
complaint about the court's enhancement of the sentence"]). In light of the seriousness of the
allegations of this case, coupled with defendant's repeated violations of certain conditions of his
conditional plea, we decline to address defendant's claim in the interest of justice.
Accordingly, the sentence, insofar as appealed from, is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020